IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RONNIE THOMAS, | § | |
| | § | No. 400, 2015 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | Cr. ID 9606008202 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: August 10, 2015
Decided: September 1, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

## **O R D E R**

This 1st day of September 2015, it appears to the Court that:

(1)     On July 30, 2015, the Court received Ronnie Thomas's notice of appeal from a Superior Court order, docketed May 26, 2015, denying his second motion for postconviction relief.  Under Supreme Court Rule 6(a)(iii), a timely notice of appeal should have been filed on or before June 25, 2015.

(2)     The Clerk issued a notice directing Thomas to show cause why the appeal should not be dismissed as untimely filed.  Thomas filed a response to the notice to show cause on August 10, 2015.  He asserts that his appeal was untimely because he is a layman and needed help from the prison law library, which was closed due to the Fourth of July holiday.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] We note that Thomas's notice of appeal was due before the Fourth of July holiday; therefore, his explanation for his untimely filing does not make sense.

(4) Moreover, to the extent Thomas is suggesting that he was simply ignorant of the Court's filing deadline, we note that an appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4] Thomas's case does not fall within this exception.

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[2] Del. Supr. Ct. R. 10(a).
[3] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).